IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAGUERRE PAYEN, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 1:CV-14-1034 |
| vs. | : | |
| | : | (Judge Caldwell) |
| THE F-B-I, *et al.*, | : | |
| | : | |
| Defendants | : | |

*M E M O R A N D U M*

I.   *Introduction*

In April 2014, the pro se plaintiff, Laguerre Payen, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg), filed this civil-rights action in the United States District Court for the Southern District of New York.  (Doc. 2, Compl.) After screening the thirty-four-page Complaint, the court dismissed several claims and defendants.  (Doc. 8, Transfer Order).  The court transferred the remaining *Bivens* claims against the following defendants to this court: Sudul; Fuller; Johason; Braverman; Stein; Vizzle, Mitchell, Maysonet, Sample, Griswald; Kabonick; Dunstone, and several "John Doe" Defendants.

Due to Payen's failure to allege the personal involvement of the remaining defendants, he will be required to file an amended complaint.

II.  *Background*

Payen alleges that the events giving rise to his claims took place at USP Lewisburg, USP Canaan, FCI Hazleton, and FCC Coleman.[1]  The Complaint is not the model of clarity, but it appears to allege that while Plaintiff was housed at USP-Canaan, on June 14, 2013, he was assaulted by Bureau of Prison (BOP) staff and injured.  (*Id.*, ECF p. 23).  He avers he was kicked in the face and dislocated his finger and that he did not receive proper medical treatment for his injuries.  It is also possible that the events complained of took place while he was housed at USP Allenwood.  (Doc. 2, ECF p. 20).

Plaintiff also alleges he was prescribed too much Meuronto which resulted in him overdosing on this medication.  (*Id.*, ECF p. 31).  Finally, he also claims that while housed at USP-Canaan, and while that institution was in an extended lockdown phase due to the murder of a corrections officer, Payen "was served inadequate food base[d] on religious belief."  (*Id.*, ECF p. 32).

III.  *Discussion*

To state a § 1983 claim, a plaintiff must plead two essential elements:  (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).  To establish personal liability against a defendant in a section 1983 action, an individual government defendant must have personal involvement in the alleged wrongs; liability

---

[1] Only USP Lewisburg and USP Canaan are within the jurisdiction of the Middle District of Pennsylvania.

cannot be predicated solely on the operation of *respondeat superior*. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207(3d Cir. 1988)).

Upon the court's generous reading of the Complaint, it appears Payen is asserting: (1) an excessive-force claim; (2) a claim for denial of medical care; (3) a conditions-of-confinement claim related to lack of proper nutrition; and (4) a claim of religious discrimination. Unclear to the court is the alleged personal involvement of any of the remaining defendants in these alleged constitutional violations or even where these events took place. However, because it is believed that it is possible for Payen to remedy these deficiencies by filing an amended complaint, he will be given the opportunity to do so.

Payen will be granted twenty-one days to file an amended complaint. If Payen decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). Payen is advised that any amended complaint he may file supersedes the original complaint. Consequently, all causes of action alleged in the original complaint which are not re-alleged in the amended complaint are waived.

Payen is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should

be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. He also shall specify the relief he seeks with regard to each claim. Payen's failure to file an appropriate amended complaint within the required time will result in his claim being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) due to his failure to state a claim on which relief may be granted. Payen is also cautioned that illegible submissions will be returned to him without consideration.

        An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 4, 2015